DEPARTMENT & SPECIALTY STORE
EMPLOYEES UNION, LOCAL 1265,
a corporation, Plaintiff,

v.

Gerald A. BROWN, Regional Director,
Twentieth Region, National Labor
Relations Board, Defendant.

Civ. No. 38971.

United States District Court
N. D. California, S. D.

March 23, 1960.

Roland C. Davis, of Carroll, Davis, Burdick & McDonough, San Francisco, Cal., for plaintiff.

Louis S. Penfield, Regional Atty., N. L. R. B., San Francisco, Cal., for defendant.

WOLLENBERG, District Judge.

The plaintiff complains herein that defendant, Regional Director of the National Labor Relations Board, in ordering a representation election pursuant to the provisions of Section 8(b) (7) (C) of the National Labor Relations Act, 29 U.S.C.A. § 158(b) (7) (C), has exceeded his authority under the Act, and has deprived the plaintiff herein of due process under the Constitution of the United States.

The plaintiff contends that in following the provisions of Section 8(b) (7) (C) defendant is required first to afford plaintiff union a hearing on the question of whether its picketing was prohibited by Section 8(b) (7), for such picketing must be determined to exist before the expedited election procedures provided in subparagraph (C) of 8(b) (7) can be invoked. In the instant case, after pickets appeared an unfair labor practice charge was filed against plaintiff union alleging violation by the union of the provisions of 8(b) (7). The employer, within a reasonable time after commencement of the picketing, filed herein a representation petition. After investigation by defendant, the defendant determined that an object of plaintiff's picketing was in fact recognition or organization in violation of Section 8(b) (7), and accordingly issued a notice of election to be held on March 14, 1960. It is plaintiff's contention, as stated above, that the Regional Director should hold a hearing before direction of an election in order to determine whether or not the union had in fact engaged in conduct proscribed by 8(b) (7).

It is the opinion of this court that the plaintiff has failed to establish the jurisdiction of this court in that it fails to allege facts constituting a violation of the National Labor Relations Act or a deprivation of due process or a derogation of its right to free speech under the Constitution of the United States. Plaintiff's request for a preliminary injunction is Denied and the temporary restraining order heretofore issued is discharged. Defendant's motion to dismiss the complaint is Granted.

Defendant herein shall prepare findings of fact and conclusions of law.